```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
```

KARL CLARK a/k/a
CARL EUGENE CLARK, JR.,

      Plaintiff,

vs.          No. 07-2294-B/V

PAULA L. SKAHAN, et al.,

      Defendants.

---

ORDER CORRECTING THE DOCKET
ORDER ASSESSING $350 CIVIL FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

On April 24, 2007, Plaintiff Karl Clark a/k/a Carl Eugene Clark, Jr., RNI number 259098,[1] an inmate at the Shelby County Correctional Center ("SCCC")[2] in Memphis, Tennessee, has filed a pro se complaint pursuant to 42 U.S.C. § 1983. The Clerk shall record the defendants as the Shelby County Criminal Court Judge Paula L. Skahan and the State of Tennessee.

---

[1] In order to keep an accurate count of the number of civil actions filed by this prisoner, the Clerk is directed to record Plaintiff's alias on the docket.

[2] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

I.    Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), all prisoners bringing civil actions must pay the full filing fee of $350 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, Plaintiff has properly completed and submitted an in forma pauperis affidavit and a certified copy of his trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that, after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $350.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

   Clerk, United States District Court, Western District of
   Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If Plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's

prison. The Clerk is further ORDERED to forward a copy of this order to the Warden of the WTSP to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

## II. Analysis of Plaintiff's Claims

The factual allegations of the complaint are as follows:

> On October 27, 2006 I, Karl Clark (Carl Clark) was arrested for a theft of property that another Karl Clark had committed. A court date was held for me to answer for that on the first day of November, 2006. The judge was informed by the prosecutor that the court had wrong defendant in custody. I was not released on the fact that this warrant (filed 10-25-06) was invalid. A warrant was given showing it (the warrant) was filed on 11-3-06 (a week later after I (Karl Clark) had been locked up a week with no indictment, charge, or/and warrant. The judge violated my probation due to fact I had caught a drug case that had been disposed of for lack of prosecution (prosecutor of State would not touch the case) and judge violated my (Karl Clark) due process[.]

Plaintiff seeks money damages in the amount of $75,000, the expungement of a charge of criminally negligent homicide, and the removal of the judge.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

   (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

   (2)  seeks monetary relief from a defendant who is immune from such relief.

4

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint is subject to dismissal in its entirety.

Plaintiff's claims against Defendant Skahan in her individual capacity is barred by absolute judicial immunity. See Mireles v. Waco, 502 U.S. 9, 12 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 359-60 (1978); Pierson v. Ray, 386 U.S. 547, 553-54 (1967); DePiero v. City of Macedonia, 180 F.3d 770, 783-84 (6th Cir. 1999); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997); King v. Love, 766 F.2d 962, 965 (6th Cir. 1985). This immunity extends to any claims against a judge arising under Tennessee law. Cashion v. State, No. 01A01-9903-BC-00174, 1999 WL 722634, at *3-*5 (Tenn. Ct. App. Sept. 17, 1999); Heath v. Cornelius, 511 S.W.2d 683 (Tenn. 1974). The Court DISMISSES the complaint as to Defendant Skahan in her individual capacity pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

To the extent Plaintiff intends to sue Defendant Skahan in her official capacity, that claim is asserted against the State of Tennessee. The entity known as the Shelby County Criminal Court is, in fact, the Criminal Court for the Thirtieth Judicial District at Memphis, and it operates pursuant to state law. See Tenn. Code Ann. § 16-1-101 ("The judicial power of the state is vested in judges of the courts of general sessions, recorders of certain towns and cities, circuit courts, criminal courts, common law and chancery courts, chancery courts, court of appeals, and the supreme court, and other courts created by law."). Criminal Court judges are state employees, not employees of the county in which the court

5

is located. See Tenn. Const., art. VI, § 4 ("The Judges of the Circuit and Chancery Courts, and of other inferior Courts, shall be elected by the qualified voters of the district or circuit to which they are assigned. Every Judge of such Courts shall be thirty years of age, and shall before his election, have been a resident of the State for five years and of the circuit or district one year. His term of service shall be eight years."); id., § 7 (establishing judicial compensation); Tenn. Code Ann., §§ 8-23-103, 8-26-101(a), 16-1-101, 16-2-506(30)(A), 16-10-101, 16-10-102, 17-1-301.

Plaintiff's claim for money damages against Judge Skahan in her official capacity and the State of Tennessee is barred by the Eleventh Amendment. Absent a clear abrogation of immunity by congressional action or an express state waiver of that immunity, the Eleventh Amendment prohibits suits for damages against a state in federal court. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984); Quern v. Jordan, 440 U.S. 332 (1979). Tennessee has not waived its sovereign immunity. Tenn. Stat. Ann. § 20-13-102(a).

Plaintiff also cannot obtain an order removing Judge Skahan, as a state is not a person within the meaning of 42 U.S.C. § 1983. Lapides v. Board of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 617 (2002); Will v. Michigan, 491 U.S. 58, 71 (1989).

Therefore, the Court DISMISSES the complaint against the State of Tennessee, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & (iii) and 1915A(b)(1) & (2).

III. Appeal Issues

Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id.  It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on Defendants, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case.[3] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate

---

[3] Effective April 9, 2006, the appellate filing fee increased from $255 to $455.

filing fee, he must comply with the procedures set out in McGore and § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the second dismissal of one of his cases as frivolous or for failure to state a claim.[4]

IT IS SO ORDERED this 11th day of September, 2007.

                                                s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff also filed Clark v. Criminal Court Clerk's Office, et al., No. 07-2502-Ma/V (W.D. Tenn. dismissed for failure to state a claim).